## WILLIAM HUNTER'S ADMR. *v.* A. MARCH.

[Kentucky Law Reporter, Vol. 2—240.]

**Competency of Witnesses.**

> Buckner and Bullitt's Civ. Code (1878), § 606, subsec. 2, provides that "no person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done or omitted to be done by, one who is * * * dead when the testimony is offered to be given" will not render a party to suit on a note given to the intestate incompetent to testify that he did not know the intestate named on the note as the payee, that he did not sign the note for him, and that there never was any agreement or understanding between him and the other person who signed the note that the latter might sign his name as his surety, for these statements were not concerning any verbal statement of or any act done or omitted to be done by the decedent.

**-Leading Questions.**

> Although questions excepted to could be and were answered "Yes" or "No" it does not follow that they were leading.

APPEAL FROM JESSAMINE CIRCUIT COURT.

February 17, 1881.

OPINION BY JUDGE COFER:

The appellant, as administrator of William Hunter, sued John and Absalom March on a note to his intestate, purporting to have

been executed by them January 1, 1873. Absalom pleaded non est factum, and gave his deposition in the case to be read in his own behalf. The appellant excepted to the whole deposition on the ground that the witness was incompetent, and to certain questions on the ground that they were leading. The court overruled both exceptions.

Whether the first of those rulings was correct is the most important question in the case. Buckner and Bullitt's Civ. Code (1878), § 605, provides that: "Subject to the exceptions and modifications contained in § 606, every person is competent to testify for himself or another unless he be found by the court incapable of understanding the facts concerning which his testimony is offered."

The only exception or modification contained in § 606 which has any bearing in this case is contained in the second subdivision of that section, and is in these words: "No person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done or omitted to be done by * * * one who is * * * dead when the testimony is offered to be given," etc. There is nothing in subdivisions a, b, c or d of subsec. 2, § 606, that affects the question, and it must be decided on the language already quoted.

The witness did not testify concerning any verbal statement of or any act done or omitted to be done by the decedent. The substance of his testimony was that he did not know William Hunter; that he did not sign the note for him, and that there never was such an agreement or understanding between him and John March, who signed his name to the note, that the latter might sign his name as his (John's) surety.

Section 605 makes all persons not mentally unfit competent to testify for themselves in all cases and as to all matters in dispute, except so far as they are declared incompetent in the next section. The fact that the testimony of one who is offered as a witness in his own behalf will affect the estate of one who is dead does not render him incompetent, except as to verbal statements of or a transaction with or acts done or omitted by the deceased person. If both parties be living, either may testify in his own behalf to facts not within the knowledge of the adverse party, and the fact that one is dead can furnish no valid reason for excluding the other from testifying as to such facts as do not appear to have been

within the knowledge of the other. We are, therefore, of the opinion that the witness was competent as to the facts testified to by him.

Although the questions excepted to could be and were answered "yes" or "no," it does not follow that they were leading. They left the witness free to answer either way, without suggesting to him the answer desired by his attorney. The appellant excepted to other depositions, but his exceptions were not acted upon by the court below, and they must be deemed to have been waived. *Corn v. Simms,* 3 Met. (Ky.) 391.

The judgment is sustained by the evidence, and must be *affirmed.*

*H. A. Anderson, for appellant.*

*Geo. R. Pryor, for appellee.*

[Cited, *Waters v. Cline,* 27 Ky. L. 586.]